UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **GEORGE H. HARVEY,** ) | |
| ) | |
| **Petitioner** ) | |
| ) | |
| v. ) | No. 3:05cv0088 AS |
| ) | |
| **ED BUSS,** ) | |
| ) | |
| **Respondent** ) | |

*MEMORANDUM OPINION AND ORDER*

On or about February 10, 2005, *pro se* petitioner, George H. Harvey, an inmate at the Westville Correctional Center (WCF) in Westville, Indiana, filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on April 5, 2005, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The petitioner filed a Traverse on April 13, 2005, which this Court has carefully examined and is in good legal form.

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition, he was incarcerated in the WCF in this district. He was the subject of a prison disciplinary proceeding which determined that he was guilty of unauthorized possession, destruction, alteration, damage to or theft of state property or properties belonging to another. The sanction included a two-month of phone and recreational privileges which does not implicate a liberty interest under *Sandin v. Conner*, 515 U.S. 472 (1995). Also, there was a deprivation of 120 days earned credit time

and a demotion from credit class I to credit class II from a previous prisoner disciplinary proceeding which was designated as WCF 04-05-0322. That sanction implicates *Wolff v. McDonnell*, 418 U.S. 539 (1974). The most recent proceeding which occurred in August 2004 was designated as MCC 04-08-0137. There has been compliance with *Wolff*.

The collateral review that is envisioned by § 2254 focuses on violations of the Constitution, treaties and laws of the United States. *See Haas v. Abrahamson*, 910 F.2d 384 (7th Cir. 1990), and *Bell v. Duckworth*, 861 F.2d 169 (7th Cir. 1988), *cert. den.*, 489 U.S. 1088 (1989). The focus is not on violations of state law. *See Estelle v. McGuire*, 502 U.S. 62 (1991). *See also Holman v. Gilmore*, 126 F.3d 876 (7th Cir. 1997). There has been compliance here with the procedural demands of *Wolff*, and the evidence here is sufficient under *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985), and under the "some evidence" test applicable in this circuit. *See Webb v. Anderson*, 224 F.3d 649 (7th Cir.), *cert. denied*, 531 U.S. 999 (2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996).

Once again, there is an argument about physical evidence. Certainly the failure to request confiscated property can be a waiver under *Sweeney v. Parke*, 113 F.3d 716 (7th Cir. 1997). Generally, physical evidence need not be presented at the hearing. *See Hays v. McBride*, 965 F. Supp. 1186 (N. D. Ind. 1997). Certainly the denial of witnesses who would give irrelevant or repetitive testimony does not violate *Wolff*. *See Pannell v. McBride*, 306 F.3d 499 (7th Cir. 2002). This court does not bottom any decision there in this case on harmless error.

The petitioner has presented no basis here for relief under 28 U.S.C. §2254.  Such relief is now **DENIED.  IT IS SO ORDERED**.

**DATED:**  April 15, 2005

                              s/ ALLEN SHARP
**ALLEN SHARP, JUDGE**
**UNITED STATES DISTRICT COURT**